PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415-436-7200
    Fax: 415-436-7234
    dan.karmel@usdoj.gov
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-00343-CRB-2 |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| CARLA CRUZ,<br>a/k/a "Karla Cruz",<br>a/k/a "Angelica Cruz", | |
| Defendant. | |

## I. INTRODUCTION

In 2018, law enforcement began investigating an organized criminal network distributing illegal drugs in the Tenderloin neighborhood of San Francisco. As part of this investigation, they identified a smaller drug trafficking organization (DTO) involving the defendant, Carla Cruz (Carla), along with her daughter, Isa Cruz (Isa). Calls intercepted over Isa's phone showed that Carla and Isa operated as mid-level drug traffickers, purchasing large quantities of narcotics that they then distributed to street-level

dealers. Based on the foregoing, Carla was charged by Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and Illegal Use of a Communication Facility, in violation of 21 U.S.C. § 843(b). On December 18, 2024, Carla pleaded guilty to Illegal Use of a Communication Facility.

For the reasons set forth below, the government recommends a sentence of 21 months' imprisonment followed by one year of supervised release.

## II.   THE CHARGED CONDUCT

The government agrees with the description of the charged conduct as set forth in the Presentence Investigation Report (PSR). *See* PSR ¶¶ 7–13. As set forth therein, Carla and Isa operated a DTO through which they would purchase and redistribute up to a kilogram of cocaine at a time. *Id.* ¶ 9. Attached as Exhibit A are excerpts of line sheets from calls intercepted over Isa's phone illustrating the unlawful conduct, including the January 28, 2019, call identified in the Plea Agreement. *See* Exhibit A to Declaration of Dan M. Karmel. As noted in the PSR, calls between Carla and Isa suggest that the DTO also trafficked other narcotics, based on coded references to "black" and "glass". PSR ¶ 12 n.1

The parties agree that based on intercepted calls more than two kilograms but less than 3.5 kilograms of cocaine should be attributed to Carla for Guidelines purposes. *Id.* ¶ 13; Plea Agreement ¶ 2.

## III.   SENTENCING GUIDELINES CALCULATIONS

The parties have agreed that the Sentencing Guidelines calculation for Carla's offense level is as follows:

  a.   Base Offense Level, § 2D1.1(c)(8) – 2 kilograms to 3.5 kilograms of cocaine:      26

  b.   Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b):                           - 3

  c.   Total Offense Level:                                                              23

Plea Agreement ¶ 7. Probation agrees with the parties' calculation, PSR ¶¶ 19–28, but notes that the Base Offense Level provision is § 2D1.1(c)(7), *id.* ¶ 3. Because Carla has a criminal history score of one, she is in Criminal History Category I. *Id.* ¶¶ 32–34. This would ordinarily result in a Guidelines range of 46 to 57 months, but because the statutory maximum sentence for the offense of conviction is

48 months, the Guidelines range is 46 to 48 months. *Id.* ¶ 64.

## IV. SENTENCING RECOMMENDATION

### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. Discussion of Section 3553(a) Factors

The seriousness of Carla's offense speaks for itself. She engaged in the distribution of dangerous drugs that caused damage not only to the individuals using those drugs but also to their families and communities. As noted in *United States v. Ailemen*, "[w]e begin with a clear recognition that trafficking in illegal narcotics (heroin and cocaine, as here alleged), without more, causes serious harm to society." 165 F.R.D. 571, 596 (N.D. Cal. 1996). And the evidence in this case shows that she had meaningful responsibility for the DTO's activities. On the other hand, the government acknowledges the mitigating factors identified in the PSR, including a significant history of personal trauma and hardship. *See* PSR ¶¶ 42–45.

Balancing the seriousness of the offense against those mitigating factors, the government believes that a sentence of 21 months' imprisonment is sufficient, but not greater than necessary to

comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of 21 months' imprisonment followed by one year of supervised release.

DATED: March 19, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

 /s/ Dan Karmel
DAN M. KARMEL
Assistant United States Attorney